UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MACKENZIE A. BRISTOW,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SPOKANE, WASHINGTON, ROGER BRAGDON, and C. BRENDON,<br><br>    Defendants. | NO. CV-05-0226-EFS<br><br>**ORDER DENYING LINCARE'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANTS' MOTION FOR *IN CAMERA* INSPECTION** |

  Before the Court, without oral argument, is Lincare Inc.'s ("Lincare's") Motion for Protective Order (Ct. Rec. 14) and Defendants' Motion for *In Camera* Inspection (Ct. Rec. 19). After reviewing the submitted materials and relevant authority, the Court is fully informed on the issues presented by the parties and hereby grants in part and denies in part Lincare's Motion for Protective Order and denies Defendants' Motion for *In Camera* Inspection.

## I. Background

**A. Factual History**

  On June 23, 2004, the Spokane Police Department received a report from Loal Meyers that several checks belonging to her mother, Beatrice Saldin, had been stolen and negotiated under a forged signature. (Ct.

ORDER ~ 1

Rec. 1 ¶ 9.) Then, on July 22, 2004, Ms. Meyers presented copies of the allegedly stolen checks and a handwritten letter by Plaintiff Mackenzie Bristow to the Spokane Police Department. *Id.* At that time, Ms. Meyers expressed her belief that the handwriting in Plaintiff's letter and the handwriting in the allegedly forged checks were identical. *Id.*

On July 28, 2004, after reviewing Ms. Meyers' report and the submitted documents, Defendant C. Brenden, a Spokane Police Department detective, confronted Plaintiff at her place of work, Lincare, in the presence of Lincare supervisors, Jana Sprague and Cindy White. *Id.* ¶ 10. During that confrontation, Defendant Brenden allegedly represented to Plaintiff's Lincare supervisors that Plaintiff had committed at least six counts of forgery and was a methamphetamine user. *Id.* Defendant Brenden also allegedly told Plaintiff's Lincare supervisors that a handwriting expert had concluded the handwriting on Ms. Saldin's allegedly forged checks belonged to Plaintiff. *Id.* On August 3, 2004, following the above-described confrontation, Plaintiff was arrested after allegedly refusing to take a polygraph prior to conferring with an attorney. *Id.* Plaintiff denies forging any checks belonging to Ms. Saldin or being a methamphetamine user. *Id.* Further, Plaintiff claims Defendant Brenden had not obtained the opinion of a qualified handwriting expert as he claimed he had. *Id.*

Following her arrest, Plaintiff claims Detective Brenden called Lincare to inform Plaintiff's supervisors that she had been arrested and charged with forgery. *Id.* ¶ *11.* After her arrest, Plaintiff submitted to a polygraph examination performed by an independent polygraph examiner. *Id.* This examination allegedly established Plaintiff had

ORDER ~ 2

truthfully denied forging Ms. Saldin's checks. *Id.* Despite the results of this polygraph examination, Defendant Brenden forwarded a Charging Request to the Spokane County Prosecuting Attorney, requesting Plaintiff be charged with six counts of forgery. *Id.* Plaintiff was then formally charged as requested by Defendant Brenden. *Id.* Ultimately, in May 2005, the charges filed against Plaintiff were dismissed once, according to Plaintiff, it was confirmed that the handwriting on the allegedly forged checks did not belong to Plaintiff. *Id.* ¶ 12.

As a result of her arrest, Plaintiff, who worked in Lincare's billing department, was initially placed on administrative leave by Lincare, but ultimately had her employment terminated. (Ct. Rec. 15.) Plaintiff remained unemployed for eleven months. (Ct. Rec. 20.) However, once the charges were dismissed against her, Lincare rehired Plaintiff to work in a different office. *Id.*

**B. Procedural History**

On August 1, 2005, Plaintiff filed suit against Defendants City of Spokane, Detective Brenden, and Chief of Police Roger Bragdon. (Ct. Rec. 1.) On October 4, 2005, Defendants served deposition subpoena duces tecums on three Lincare employees: Cindy White, Michelle Dudley, and Jana Sprague. (Ct. Rec. 15 at 4-12.) The three depositions were noted for October 19, 2005, and requested the "[p]ersonal file of Mackenzie Bristow; any and all material prior to and subsequent of August 3, 2004 with respect to the subject matter of Mackenzie Bristow's arrest." *Id.* On October 14, 2005, the three Lincare deponents filed objections to Defendants' subpoenas arguing the requested documentation was not within their care, custody, or control. (Ct. Recs. 4-6.)

ORDER ~ 3

On October 18, 2005, the day prior to the three Lincare employee depositions and two hours before the Lincare employees' counsel was scheduled to fly to Spokane for the depositions, Defendants cancelled the three depositions. (Ct. Rec. 15 at 13-15.) On October 31, 2005, Defendants noted a Federal Rule of Civil Procedure 30(b)(6) deposition of Lincare, in which they requested various documents relating to Plaintiff's employment and Lincare's client - Ms. Saldin - the victim of the purported forgery. *Id.* at 16-18. In response to this Rule 30(b)(6) deposition notice, Lincare produced nearly 500 responsive documents to Defendants, which included Plaintiff's payroll records, personnel file, and Ms. Saldin's billing and patient files. *Id.* at 19-20.

On December 13, 2005, Defendants re-noted the three Lincare employees' depositions for January 4, 2006, and reserved subpoena duces tecums. *Id.* at 23-31. The three Lincare employees appeared for their depositions on January 4, 2006, and according to Lincare, produced all responsive requested documentation. During these depositions, counsel for Lincare repeatedly objected to all questions regarding Lincare's reason for terminating Plaintiff's employment, claiming the questions called for attorney-client protected communications. Additionally, Lincare redacted portions of notes generated by Ms. White based on the attorney-client privilege. (Ct. Rec. 21 Ex. 7.)

Defendants now wish to depose additional Lincare employees, including Carlos Reyes, who supervises the three initially deposed Lincare employees and Lisa Wegrzyn, an attorney employed by Lincare in Florida. Lincare claims neither Mr. Reyes nor Ms. Wegrzyn were present when Plaintiff was confronted by Defendant Brenden concerning the alleged

ORDER ~ 4

forgeries. However, Defendants claim Ms. Wegrzyn was called and placed on speaker phone when Defendant Brenden advised Plaintiff's supervisors he was only investigating Plaintiff and allegedly cautioned Lincare about taking adverse employment action against Plaintiff. Defendants indicate they are willing to drop the remaining deposition requests so long as Lincare provides a brief stipulation regarding Lincare's specific reason for terminating Plaintiff's employment.

## II. Analysis

**A. Lincare's Motion for Protective Order**

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." For the purposes of Rule 26(b)(1), "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Despite the broad discovery allowances permitted by Rule 26(b)(1), a party or person may move a court for an order protecting it from having to respond to certain discovery requests. *See id.* at 26(c). A protective order may be granted under Rule 26(c) if the Court finds justice requires such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.*

In this instance, the Court finds the information regarding Lincare's reasons for terminating Plaintiff's employment relevant to Defendants' defense. Furthermore, the Court does not find that justice requires an order protecting Mr. Reyes or Ms. Wegrzyn from being deposed, despite Lincare's prior discovery productions and deposition

participation.  Accordingly, the Court denies Lincare's Motion for Protective Order.  Defendants are permitted to depose Mr. Reyes and Ms. Wegrzyn on all relevant, non-privileged issues.

**B. Defendants' Motion for *In Camera* Inspection**

Defendants ask the Court to order Lincare to send the Court an unredacted copy of a memorandum written by Ms. White to Mr. Reyes on July 29, 2004 (Ct. Rec. 21 Ex. 4), so the Court may conduct an *in camera inspection* of the memorandum to determine whether it was properly redacted pursuant to the attorney-client privilege.  Lincare objects to Defendants' request, arguing that the redactions conceal privileged information that is entitled to protection.

Because Ms. Wegrzyn has declared that the "redactions constitute communications between [her] and Lincare supervisors who were seeking legal advice" (Ct. Rec. 25 ¶ 3) and Defendants have provided no basis for questioning Ms. Wegrzyn's assertion, the Court does not find good cause exists to conduct an *in camera* review of the redacted memorandum at this time.  For these reasons, Defendants' request is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Lincare's Motion for Protective Order **(Ct. Rec. 14)** is **DENIED**.

2. Defendants' Motion for *In Camera* Inspection **(Ct. Rec. 19)** is **DENIED.**

///
///
///
///
///

ORDER ~ 6

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter
2  this order and to provide copies to counsel for Plaintiff, Defendants,
3  and Lincare.
4      **DATED** this ___17th___ day of May 2006.

6                           ___S/ Edward F. Shea___
                             EDWARD F. SHEA
7                         United States District Judge

Q:\Civil\2005\0226.protective.order.in.camera.review.wpd

ORDER ~ 7