1
2  Richard D. Wall
   Attorney at Law
3  423 W. First Ave. #220
   Spokane, WA 99201
4  (509) 747-5646
5
6
7
8
9              UNITED STATES DISTRICT COURT
10              EASTERN DISTRICT OF WASHINGTON

11  MACKENZIE A. BRISTOW,           ) Civil Action
                                    )
12                                  ) Case No.: CV-05-00226-EFS
            Plaintiffs,             )
13                                  )
        vs.                         )
14                                  )
    CITY OF SPOKANE, WASHINGTON,    ) PLAINTIFF'S AMENDED LR 56
15  ROGER BRAGDON, and C.           ) (1)(a) STATEMENT OF FACTS
    BRENDEN,                        ) (with corrected citations to the record)
16                                  )
17                                  )
            Defendants.             )
18  _____)
19
20      Plaintiffs submit the following Statement of Facts pursuant to LR 56(1)(a) in
21  support of Plaintiff's Motion for Partial Summary Judgment. Citations to the
22
23  Deposition of C. Brenden refer to the page and line numbers assigned by the
24  stenographer.
25
        1.    On May 21, 2004, the Spokane Police Department was contacted by
26
27  Loal Meyers regarding a possible forgery of checks belonging to Ms. Meyer's
28  elderly mother, Beatrice Saldin. Ms. Meyers reported that she had compared the

PLAINTIFF'S AMENDED           - 1            Richard D. Wall
STATEMENT OF FACTS                           Attorney at Law
                                             423 W. First Ave. #220
                                             Spokane, WA 99201
                                             (509) 747-5646

handwriting on six checks from her mother's account that had been forged by an unknown person with the handwriting on some paperwork received from Lincare, a company that provided medical equipment to Ms. Meyer's mother. Ms. Meyers felt that the handwriting on the paperwork from Lincare appeared similar to the handwriting on the forged checks. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 14, lns. 14-23.*

2. The paperwork from Lincare consisted of a form letter upon which one of Lincare's employees, Mackenzie Bristow, had completed certain information, including the name "Beatrice Saldin." *Declaration of Richard D. Wall, Exhibit B, Spokane Police Department Charging Request and Witness List, p. 22.*

3. The original report was forwarded to Spokane Police Department Detective Craig Brenden. Detective Brenden obtained copies of the forged checks and the Lincare paperwork. Detective Brenden then compared the signatures on the forged checks to the handwritten name "Beatrice Saldin" that was on the Lincare correspondence. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 14, lns. 9-11; p. 16, lns. 19-22.*

4. After visually comparing the handwriting on the forged checks to the handwriting on the Lincare correspondence, Detective Brenden went to Lincare's offices to interview Ms. Bristow. At Lincare, Detective Brenden first met with two

PLAINTIFF'S AMENDED STATEMENT OF FACTS - 2

Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA  99201
(509) 747-5646

of Ms. Bristow's supervisors, Cindy White and Jana Sprague. Detective Brenden told Ms. White and Ms. Sprague that he was conducting an investigation into a possible forgery and that he wanted to speak with Ms. Bristow. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 20, lns. 10-22; p. 59, ln. 15 – p. 60, ln. 13.* Detective Brenden also showed Ms. White and Ms. Sprague the forged checks and Lincare correspondence written by Ms. Bristow. He then obtained additional samples of Ms. Bristow's handwriting from Lincare. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 60, ln. 20 - p. 61. ln. 16.* Detective Brenden told Ms. White and Ms. Sprague that he wanted to have additional "baseline samples" of Ms. Bristow's handwriting. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 61, lns. 5 – 6.* However, Detective Brenden never attempted to use those additional samples to confirm his initial opinion that handwriting on the forged checks was Ms. Bristow's.

5. After speaking with Ms. White and Ms. Sprague, Detective Brenden asked to speak to Ms. Bristow. Ms. White then escorted Ms. Britow to Jana Sprague's office where Detective Brenden, Ms. Sprague, and a Spokane Police Department intern were waiting. *Declaration of Mackenzie Bristow, p. 2.*

6. In the presence of Ms. Mackenzie's supervisors, Detective Brenden accused Ms. Bristow of having forged checks belonging to Beatrice Saldin. Ms.

PLAINTIFF'S AMENDED STATEMENT OF FACTS - 3

Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA 99201
(509) 747-5646

Bristow denied having done so. Detective Brenden then told Ms. Bristow, in the presence of Ms. White and Ms. Sprague, that a Washington State Patrol handwriting expert had examined the forged checks and determined that the handwriting on the checks was Ms. Bristow's. *Declaration of Mackenzie Bristow, p. 3; Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 109, lns. 6 – 17.* Detective Brenden knew that was not true, but made that statement in an attempt to get Ms. Bristow to confess. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 109, lns. 18 – 20.*

7.  During that same interview, also in the presence of Ms. White and Ms. Sprague, Detective Brenden asked Ms. Bristow when she had used methamphetamine. Ms. Bristow denied using methamphetamine or any other illegal drugs. *Declaration of Mackenzie Bristow, p. 4; Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 110, lns. 4 – 15.*

8.  At the end of the interview, Ms. Bristow agreed to submit to a polygraph examination. She also informed Detective Brenden that she had previously worked at the Spokane International Airport and that she had been fingerprinted as part of her application for that job. *Declaration of Mackenzie Bristow. P. 4;*

9.  After Ms. Bristow left the room, Detective Brenden remained with Ms. White and Ms. Sprague, who expressed to him their concerns about the

PLAINTIFF'S AMENDED STATEMENT OF FACTS - 4

Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA 99201
(509) 747-5646

accusation that Ms. Bristow had forged the checks of a Lincare client. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 22, lns. 2 – 6.*

10. Following his interview with Ms. Bristow, Detective Brenden went to Ms. Bristow's apartment. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 22, ln. 13 – p. 23, ln. 8.* He observed that Ms. Bristow apparently had a dog. Detective Brenden thought that was important because he believed that Ms. Bristow had told him during the interview that she had no reason to go to "Petco," a store that sells pet foods and supplies. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 32, ln. 23 – p. 33, ln. 8.* Although Detective Brenden did not ask Ms. Bristow if she had a pet, he suspected that she might not have been completely truthful during the interview because of that statement. During his deposition, Detective Brenden admitted that a person could own a pet but still not have any reason to go to Petco. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 33, lns. 9 – 13.*

11. Several days after his interview with Ms. Bristow at Lincare, Detective Brenden received a telephone call from Jana Sprague, who told him that, due to the allegations of forgery, Ms. Bristow would be laid off by Lincare for a period of three weeks and that she would be terminated unless her innocence could be proved during that time. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 23, ln. 25 – p. 24 – ln. 5.* Detective Brenden

PLAINTIFF'S AMENDED STATEMENT OF FACTS - 5

Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA  99201
(509) 747-5646

confirmed that information with Ms. Bristow. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 24, lns. 14 – 19.*

12.  Detective Brenden then offered Ms. Bristow the opportunity to schedule a polygraph examination, which she agreed to do. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 24 lns. 24 – 25.* However, several days later, Ms. Bristow called Detective Brenden and told him that she had been advised by her attorney not to take the polygraph at the scheduled time. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 25, ln. 14 – p. 26, ln. 16.* At that point, Detective Brenden decided to have Ms. Bristow arrested for forgery. *Declaration of Richard D. Wall, Exhibit A, pp. 28-29.* Detective Brenden's primary purpose for arresting Ms. Bristow was to obtain her fingerprints and booking photo. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 27, lns. 1 – 4.* Ms. Bristow was subsequently arrested at her home pursuant to Detective Brenden's instructions. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 75, ln. 17 - 25.*

13.  At the time Detective Brenden determined to have Ms. Bristow arrested, he had only two pieces of evidence in his possession to support a finding of probable cause: (1) His opinion that the Ms. Bristow's handwriting on the Lincare correspondence was sufficiently similar to the handwriting on the forged

PLAINTIFF'S AMENDED STATEMENT OF FACTS  - 6

Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA  99201
(509) 747-5646

checks to establish that she had written the checks; and (2) His suspicion that Ms. Bristow might not have been completely honest with him during the interview at Lincare about having a pet. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 90, ln. 19 – p. 92, ln. 13.*

    14.    Detective Brenden has no formal training in handwriting comparison or document examination and he has no special expertise in handwriting comparison or document examination. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 10, lns. 4 – 6.* During his deposition, Detective Brenden described the methods he employed in comparing the handwriting on the Lincare correspondence to the handwriting on the forged checks. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 37, ln. 13 – p. 45, ln. 23, p. lns. 14-23; p. 93, ln. 20 – 96, ln. 19.* None of the methods employed by Detective Brenden are recognized as scientifically valid. *Declaration of Richard D. Wall, Exhibit C, Report of Curtis Baggett.* Furthermore, Detective Brenden's methods for comparing handwriting samples are highly likely to lead to false identifications. *Declaration of Richard D. Wall, Exhibit C, Report of Curtis Baggett.* Detective Brenden's conclusion that two handwriting samples were produced by the same person based upon general similarities is comparable to concluding that all people of the same ethnic background are the same person

PLAINTIFF'S AMENDED   - 7   Richard D. Wall
STATEMENT OF FACTS   Attorney at Law
423 W. First Ave. #220
Spokane, WA  99201
(509) 747-5646

because they have a similar appearance based upon their ethnicity. *Declaration of Richard D. Wall, Exhibit D, Report of Hannah McFarland.*

15.  Detective Brenden also knew that there was no connection between the forgery of Ms. Saldin's checks and the fact that Mackenzie Bristow was employed at Lincare. Detective Brenden had confirmed that Ms. Bristow did not have access to any of Ms. Saldin's checks or access to her home as part of her employment with Lincare. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 57, lns. 8 – 20.* He also determined that she did not have access to Ms. Saldin's home as part of her employment with Lincare. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 63, ln. 2 - p. 64. ln. 8.*

16.  At the time Ms. Bristow was arrested, Detective Brenden met with her at the jail and stayed with her for approximately two hours while she was waiting to be booked. *Declaration of Mackenzie Bristow, p. 4.* During that time, Detective Brenden told Ms. Bristow that he had scanned the signatures on the checks and Ms. Bristow's writing of "Beatrice Saldin" into a computer and overlaid them "just like on CSI." Detective Brenden told Ms. Bristow that based on that comparison the signatures were exactly the same. *Declaration of Mackenzie Bristow, p. 7.*

17.  After having Ms. Bristow arrested, Detective Brenden filed and Affidavit of Facts and Charging Request for the purpose of having the Spokane County Prosecutor charge Ms. Bristow with six counts of forgery. *Declaration of*

1  *Richard D. Wall, Exhibit B, Spokane Police Department Charging Request and*
2  
3  *Witness List.* Detective Brenden's affidavit of facts contained the following
4  statements:
5  
6        "I did compare this signature (the name "Beatrice Saldin" as written
7  by Ms. Bristow on the Lincare correspondence) to the checks and found that it was
8  <u>an exact duplicate</u>." *Declaration of Richard D. Wall, Exhibit B, p. 7.*
9  
10       "He [Detective Brenden] did compare the signatures on the Lincare
11       paperwork to the signatures on the checks and found them to be <u>one in the</u>
12       <u>same</u>. He did have both signatures scanned, blown up, and then overlaid,
13       finding them once again to be <u>the exact same signature</u>." (emphasis added)
14 *Declaration of Richard D. Wall, Exhibit B, p. 8.* During his deposition, Detective
15 Brenden admitted that those statements were not true and that he knew that those
16 statements were not true. According to Detective Brenden, the signatures were not
17 "one in the same" or the "exact same," but were only similar. *Declaration of*
18 *Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 50, ln. 11 – p. 52, ln. 22.*
19 In fact, Detective Brenden admitted that, while the similarities in the writing of the
20 last name were "close," the similarities in the first name were only "so-so."
21 *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 53, lns. 8*
22 *– 13.*

18. Prior to arresting Ms. Bristow, Detective did not do any of the following:

    a. Determine the locations of the businesses where the forged checks had been passed; *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 72, lns. 1-3.*

    b. Determine the subscriber to a telephone number that had been written on one of the forged checks; *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 68, ln. 17 – p. 70, ln. 9*, or

    c. Have a trained handwriting expert verify his belief that the handwriting on the forged checks and the handwriting on the Lincare correspondence had been produced by the same person. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 10, ln. 25 – p. 11, ln. 4.*

19. A private investigator hired by Ms. Bristow's attorney was able to determine the exact locations where several of the forged checks had been passed by simply contacting several of the stores. *Declaration of Ted Pulver, p. 4*. Although Detective Brenden told the investigator that those businesses were located near Ms. Bristow's home and that fact was one reason he suspected Ms. Bristow of having committed the forgeries, the businesses were actually located in a different part of town. *Declaration of Ted Pulver, pp. 3-4.* The investigator was

PLAINTIFF'S AMENDED STATEMENT OF FACTS     - 10     Richard D. Wall
Attorney at Law
423 W. First Ave. #220
Spokane, WA 99201
(509) 747-5646

also easily able to obtain the identity of the subscriber to the telephone number that had been written on one of the forged checks. That person has a history of burglary and drug related offenses and showed an address in the same area of town as the businesses where the forged checks had been passed. *Declaration of Ted Pulver, pp. 4-5.* A female by the name of Nicole was in possession of the subscriber's phone at the time the forgeries were committed. *Declaration of Ted Pulver, p. 5.* It is common practice for persons involved in drug and property crimes to steal checkbooks and then give the checks to other persons to be forged and passed by them. *Declaration of Ted Pulver, p. 3.*

   20.   At the time Ms. Bristow was arrested, Detective Brenden met with her at the jail and stayed with her for approximately two hours while she was waiting to be booked. *Declaration of Mackenzie Bristow, p. 4.* During that time, Detective Brenden told Ms. Bristow that he had scanned the signatures on the checks and Ms. Bristow's writing of "Beatrice Saldin" into a computer and overlaid them "just like on CSI." Detective Brenden told Ms. Bristow that based on that comparison the signatures were exactly the same. *Declaration of Mackenzie Bristow, p. 7.*

   21.   Based upon the Charging Request and Affidavit of Facts submitted by Detective Brenden, Ms. Bristow was charged with six counts of forgery. Subsequently, two independent, qualified handwriting experts examined the forged

PLAINTIFF'S AMENDED           - 11           Richard D. Wall
STATEMENT OF FACTS                           Attorney at Law
                                             423 W. First Ave. #220
                                             Spokane, WA  99201
                                             (509) 747-5646

checks and the Lincare correspondence and concluded that the handwriting on the forged checks does not belong to Ms. Bristow. *Declaration of Richard D. Wall, Exhibits C, Report of Curtis Baggett; Exhibit D, Report of Hannah McFarland.* A Washington State Patrol handwriting expert also concluded that Ms. Bristow did not author the forged checks. *Declaration of Richard D. Wall, Exhibit A, Deposition of C. Brenden, p. 78, ln. 18 – p. 80, ln. 9.* Ultimately the charges against Ms. Bristow were dismissed.

Dated this 3rd day of August 2006.

s/Richard D. Wall, WSBA#16581
Attorney for Defendant
423 W. First Ave., Suite #250
Spokane, WA 99201
Phone: (509) 747-5646
Fax: (509) 747-5692
RDWallPS@comcast.net

# CERTIFICATE OF SERVICE

I hereby certify that on 3rd day of August 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ellen M. O'Hara
Assistant City Attorney
Office of the City Attorney
808 W. Spokane Falls, Blvd.
Spokane, WA   99201-3326
E-mail: eohara@spokanecity.org

                                      s/ Richard D. Wall
                                      WSBA #16581
                                      Attorney for Defendant
                                      Richard D. Wall, P.S.
                                      423 W. First Avenue, Suite #250
                                      Spokane, WA 99201
                                      Telephone:  (509) 747-5646
                                      Fax:  (509) 747-5692
                                      E-mail:  rdwallps@comcast.net